IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| NICHOLAS D. HORST,<br><br>    Plaintiff,<br><br>vs.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>    Defendant. | No. 15-CV-3153-CJW<br><br>**ORDER** |

_____

This matter is before the Court pursuant to plaintiff's Motion for Attorney's Fees Pursuant to 42 U.S.C. § 406(b), filed on December 5, 2017, (Doc. 26), requesting attorney fees in the amount of $14,512.25. Plaintiff attached an exhibit to the application (Doc. 26-1).

In response, defendant filed Defendant's Response To Plaintiff's Motion for Attorney Fees Under 42 U.S.C. § 406(b), (Doc. 27) stating defendant has no objection to plaintiff's request for attorney fees under the EAJA in the amount of $14,512.25. In accordance with *Astrue v. Ratliff*, 560 U.S. 586 (2010), the EAJA fee is payable to plaintiff as the litigant and may be subject to offset to satisfy a pre-existing debt that the litigant owes to the United States.

Although the Court is aware that the Government and the SSA have a practice of paying some EAJA fee awards directly to attorneys in Social Security cases, the Court is persuaded that the attorney fee award shall be made payable to plaintiff as the "prevailing party." The statute setting forth the standard for "prevailing party" fees "makes clear that the "prevailing party" (not her attorney) is the recipient of the fees award by

requiring the *prevailing party* to demonstrate that her net worth falls within the range the statute request for fees awards." *Ratliff*, 560 U.S. at 594.

28 U.S.C. § 2412(d), provides:

> A court shall award to a prevailing party . . . fees and other expenses . . . in any civil action . . . brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified.

*Id*. The Court is aware in some cases a fee agreement between the plaintiff and his/her lawyer may exist, where plaintiff has assigned his/her fee award to his/her attorney. The Court is bound, however, to enforce the statutes passed by Congress. The fee agreement is between plaintiff and his/her attorney, and the Court will not disturb or enforce the provisions of the agreement when awarding EAJA fees based upon the provisions of a statute. However, the check made payable to the plaintiff may be delivered to plaintiff's attorney. This court has previously found that such a request is appropriate if it is consistent with the Commissioner's and the Department of Treasury's practices. *Kunik v. Colvin*, No. C13-3025-LTS, 2014 WL 1883804, at *3 (N.D. Iowa May 12, 2014); *Tracy v. Colvin*, No. C11-3072-MWB, 2013 WL 1213125, at *2 (N.D. Iowa Mar. 25, 2013).

28 U.S.C. § 2412(d) of the EAJA provides for the award of fees and expenses if: (1) the party requesting the fees prevailed; (2) the position of the United States was not "substantially justified;" (3) the fees were incurred by the moving party in a "civil action . . . including proceedings for judicial review of agency action;" (4) the action was brought by or against the United States; (5) the court entering the ruling had "jurisdiction of that action;" (6) the party seeking fees submitted an application 30 days after final judgment, specifying the "amount sought, including an itemized statement . . . stating the actual time expended and the rate at which fees and other expenses were computed;" (7) the amount sought is reasonable under the circumstances; and (8) there are no "special

circumstances" making "an award unjust." (citation omitted).

In this case, plaintiff has satisfied each necessary element. Plaintiff prevailed in a civil action against the Commissioner of Social Security. This Court properly exercised jurisdiction pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). The Commissioner was not substantially justified in that the overwhelming weight of the evidence supported the conclusion that the Commissioner's decision should be remanded for further consideration. Plaintiff's request for attorney's fees included an itemized statement of the actual time expended (Doc.26-1). Neither the Commissioner nor this Court consider the amount agreed upon by the parties to be unreasonable under the circumstances. And, finally, this Court is unaware of any special circumstances which would render the award unjust.

Therefore, attorney fees under EAJA are granted in the agreed upon amount of $14,512.25, payable to the plaintiff, by the Social Security Administration, and mailed to plaintiff's attorney's address after any offset. As plaintiff acknowledged, however, this Court previously awarded plaintiff attorney's fees in the amount of $5,950.52 pursuant to the Equal Access to Justice Act ("EAJA"). (Doc. 26, at 1). When a court awards a plaintiff's attorney fees under both EAJA and § 406(b), the attorney must refund the amount of the smaller fee received to the plaintiff. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002). Therefore, plaintiff's counsel is ordered to refund to plaintiff the sum of $5,950.52.

**IT IS SO ORDERED** this 3rd day of January, 2018.

_____
C.J. Williams
Chief United States Magistrate Judge
Northern District of Iowa